IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE CHASE MANHATTAN BANK, | : | |
| as collateral agent, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 00-564-JJF |
| | : | |
| IRIDIUM AFRICA CORPORATION, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

Barry R. Ostrager, Esquire; Mary Kay Vyskocil, Esquire; David J. Woll, Esquire and Linda H. Martin, Esquire of SIMPSON THACHER & BARTLETT LLP, New York, New York.
Regina A. Iorii, Esquire and Stephen E. Jenkins, Esquire of ASHBY & GEDDES, Wilmington, Delaware
Attorneys for Plaintiff The Chase Manhattan Bank, as Collateral Agent.

William J. Mardsen, Esquire of FISH & RICHARDSON, Wilmington, Delaware.
Attorney for Defendants Iridium Africa Corporation, Iridium Middle East Corporation, Khrunichev State Research and Production Space Center,

Katherine J. Neikirk, Esquire and P. Clarkson Collins, Jr., Esquire of
MORRIS, JAMES, HITCHENS, & WILLIAMS, Wilmington, Delaware.
Attorneys for Defendants Nippon Iridium (Bermuda) Limited.

Jonathan L. Parshall, Esquire of
MURPHY, SPADARO, & LANDON, Wilmington, Delaware.
Attorney for Defendant Pacific Electric Wire & Cable Co.

Victor F. Battaglia, Sr., Esquire of
BIGGS & BATTAGLIA, Wilmington, Delaware.
Attorney for Defendant Sprint Iridium, Inc.

**MEMORANDUM OPINION**

February 16, 2007
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court in this action are several "open issues" including: (1) whether The Chase Manhattan Bank, now known as JPMorgan Chase Bank ("Chase"), is entitled to attorneys' fees; (2) whether the defenses pleaded by Defendants are barred by application of the Court's decision on the waiver provision of the LLC Agreement; and (3) the status of Chase's alternative theories of recovery, in light of Chase's request for entry of a final judgment order. (D.I. 1024.) For the reasons discussed, the Court will grant Chase's request for attorneys' fees, deny Defendants' arguments concerning their defenses, and enter a separate, final judgment order in favor of Chase following submission of a Proposed Order Final Judgment Order by Chase and the opportunity to comment on the Proposed Order by Defendants.

## BACKGROUND

The dispute in this case arises from an $800 million loan Chase extended to Iridium LLC ("Iridium") in 1998. On June 9, 2000, Chase filed its Complaint against Iridium's Members, seeking to recover on the unpaid loans at the time of Iridium's bankruptcy pursuant to the Members' reserve capital call ("RCC") obligations. The Court granted summary judgment in favor of Chase on its breach of contract claim on March 2, 2004, concluding that the amended LLC Agreement was valid, and therefore, the Members were required to pay their capital call

1

amounts to Chase.

Although the parties explored the possibility of settlement, they were unable to reach an agreement. As a result, the Court determined that the issues listed above remained open and required further briefing. In identifying the "open issues," the Court ordered any party who disagreed with the Court's identification of the issues to file an exception.[1] The Court also instructed the party with the burden of proof on any open issue to initiate briefing, with answering and reply briefs to follow in accordance with the Local Rules of the District Court.

The open issues have been fully briefed and are presently before the Court. Accordingly, the Court will address each of these issues in turn.

## DISCUSSION

### I. Whether Chase's Alternate Theories Of Recovery Preclude Entry Of Summary Judgment

The parties agree that the existence of alternate legal theories pled by Chase does not preclude the Court from entering a final judgment in this case. However, the parties disagree as to what must be accomplished to enter final judgment. Specifically, Defendants contend that Chase's alternate fraud

---

[1] Chase filed a Notice of Exception (D.I. 1025) to the Court's identification of "open issues." However, Chase's arguments with respect to the identified issues are substantive in nature, and therefore, will be addressed by the Court in the context of its decision pertaining to each identified "open issue."

theory is raised as a distinct claim, and therefore, the Court must dismiss that claim as moot prior to entering final judgment. In support of its argument and by way of example, Defendants direct the Court to Societe Generale v. U.S. Bank Nat'l Ass'n, 325 F. Supp. 2d 435, 438 n. 5 (S.D.N.Y. 2004) and Fabrica de Tejidos Imperial, S.A. v. Brandon Apparel Group, Inc., 218 F. Supp. 2d 974, 979 (N.D. Ill. 2002).

In response, Chase contends that it would be potentially prejudicial for the Court to dismiss its fraud claim. In the event the Third Circuit should overturn the Court's decision with respect to summary judgment, Chase contends that it should be permitted to pursue all of its theories of recovery, including its fraud theory.

Reviewing the parties' respective positions in light of the applicable case law, the Court concludes that it is not required to address Chase's alternate theories of recovery, including the mooting of its fraud claim, prior to the entry of a final judgment. Where a plaintiff prevails on one theory of recovery, it is not necessary for the Court to address, or for the parties to litigate, other mutually exclusive, alternative theories. Gagliardo v. Connaught Labs., Inc., 311 F.3d 565, 570 (3d Cir. 2002). This is because "a plaintiff who 'presents a number of alternative legal theories, but whose recovery is limited to only one of them, has only a single claim." Allegheny County Sanitary

3

Auth. v. U.S.E.P.A., 732 F.2d 1167, 1172 (3d Cir. 1984). This is true even where the alternative theory is contained in a separate claim or count. Id. (separate counts considered to be one claim due to the counts having the same factual bases).

In this case, Chase set forth alternative theories of recovery, including the right to recover under the LLC Agreement, the right to recover under the Pledge Agreement, and fraud. The Court granted summary judgment in favor of Chase on its breach of contract claim based solely on the theory that it had a right to recover under the LLC Agreement. Nothing in the case law cited by Defendants requires the Court to address Chase's other theories substantively, or through a decision mooting them. Accordingly, the Court concludes that final judgment can be entered without the need to address Chase's alternative fraud theory. See e.g. Ford Motor Co. v. Transport Indem. Co., 795 F.2d 538, 543 (6th Cir. 1986) (explaining that "[i]f the district court's ruling on one claim necessarily precludes an alternative or mutually exclusive claim, a final order will arise despite the lack of an explicit declaration by the district court," and concluding that court rejected counterclaims never expressly ruled upon).

**II. Whether Chase Is Entitled To Attorneys' Fees**

With respect to the issue of attorneys' fees, Chase contends that the face of the operative agreements entitles it to recover

4

the attorneys' fees it has incurred.  In support of its argument, Chase directs the Court to Section 11.03 of the LLC Agreement, which provides that "[i]f any entity fails to pay any of the amounts required to be paid pursuant to Section 4.02," then the non-defaulting party may "recover damages resulting from such default and pursue any other right or remedy of LLC" which includes "LLC expenses (including fees and expenses of counsel)." (D.I. 1027, Exh. A ("LLC Agreement") at § 11.03(a)(iv)(B).) According to Chase, Iridium pledged all of its rights and remedies, specifically those related to the RCC, under the LLC Agreement to Chase as collateral for the Loan.  When Iridium defaulted on the Loan, Chase contends that it obtained all the rights and remedies under the LLC Agreement.

    Chase also contends that the Pledge Agreement demonstrates that it is entitled to attorneys' fees, because the Pledge Agreement grants Chase the right "to exercise all remedies" under the LLC Agreement and in respect to the RCC obligations of Iridium.  According to Chase, there is no dispute concerning the validity and enforceability of the Pledge Agreement, and therefore, both the LLC Agreement and the Pledge Agreement, when read together, evidence Chase's entitlement to attorneys' fees.

    In response, Defendants contend that nothing in the LLC Agreement gives Chase the right to recover attorneys' fees. Specifically, Defendants contend that Chase's breach of contract

5

claim was premised on its direct right under the LLC Agreement to recover RCC amounts pursuant to the amendments made to Section 4.02 of the LLC Agreement. However, Section 11.03 was not amended to give Chase any direct rights against Iridium's Members, and therefore, Defendants contend that Chase cannot recover attorneys' fees directly under the LLC Agreement.

As for Chase's argument under the Pledge Agreement, Defendants contend that Chase cannot seek to collect attorneys' fees under this agreement, because the Court did not grant summary judgment in favor of Chase based on the Pledge Agreement. Rather, the Court granted judgment in favor of Chase on its direct rights under the LLC Agreement, and therefore, Defendants contend that Chase has no basis to rely upon the Pledge Agreement to support its request for attorneys' fees. Defendants also contend that any reliance by Chase on the Pledge Agreement to collect attorneys' fees would conflict with Chase's representation that it would be asserting its own rights under the LLC Agreement, a representation it made to the United States Bankruptcy Court for the Southern District of New York in order to seek relief from the automatic stay to pursue this action against Iridium.

Under the American Rule, each party to a lawsuit generally bears its own attorneys' fees. <u>Ford v. Temple Hosp.</u>, 790 F.2d 342, 346 (3d Cir. 1986). An exception exists, however, where a

6

statute or contractual provision expressly provides for attorneys' fees. <u>Delaware Dep't of Health & Soc. Servs. v. United States Dept. of Educ.</u>, 772 F.2d 1123, 1139 (3d Cir. 1985).

In this case, the question is whether Chase has a contractual right to attorneys' fees. The Court has reviewed the operative contracts and concludes that they support Chase's entitlement to attorneys' fees. The LLC Agreement provides that Iridium may

> Recover damages resulting from... default and pursue any other right or remedy of LLC. Each party to this Agreement acknowledges that such damages may include... LLC expenses (including fees and expenses of counsel) relating to its efforts (i) to exercise its rights and remedies upon such default, (ii) to offer and sell such Defaulting Party's Default Interests to Members or any third party, or (iii) to amend this Agreement.

(D.I. 1027, Ex. A at Section 11.03(a)(iv)). In the Pledge Agreement, however, Iridium pledged to Chase:

> (a) all of its membership interests in the Company together with the certificate or certificates (if any) evidencing the same and all of its right, title and interest in, and under the Company LLC Agreement, including, without limitation... (v) all claims of Iridium LLC for damages arising out of or breach of or default thereunder and (vi) all rights of Iridium LLC to terminate, amend, supplement, modify or waive performance under any of the terms provisions of the Company LLC Agreement, to perform thereunder and to compel performance and otherwise to exercise all remedies thereunder;
> ...
>
> (d) all rights of Iridium LLC... in respect of the Reserve Capital Call Obligations, including, without limitation, all rights to compel performance of the Reserve Capital Call Obligations, to terminate, amend, supplement, modify or waive performance thereof and

7

>    otherwise to exercise rights and remedies in respect thereof...

(D.I. 1027, Ex. B at Section 3.01.)  When read together, the Court is persuaded that these agreements provide Chase with a contractual right to recover attorneys' fees.  The LLC Agreement gives Iridium the right to recover attorneys' fees, and Iridium pledged to Chase all of its rights to remedies, specifically in relation to the RCC obligations, under the Pledge Agreement.  Once Iridium defaulted on the loan, Chase had a right to pursue Iridium's remedies.  Defendants have not disputed the plain language of the Pledge Agreement, and therefore, the Court need not look outside the four corners of the documents to determine that Chase is entitled to attorneys' fees.  Northwestern Nat'l Ins. Co. V. Esmark, Inc., 672 A.2d 41, 43 (Del. 1996).

Defendants contend that the Court's grant of summary judgment based on the LLC Agreement precludes Chase from relying on the Pledge Agreement to collect attorneys' fees.  Defendants also contend that an award of attorney's fees under the Pledge Agreement would involve numerous factual disputes, requiring Chase to prove "(1) the existence and terms of the operative LLC Agreement, (2) that Iridium itself has not breached that LLC Agreement and (3) that any damages owed by Iridium to the Defendants by virtue of such breaches does not exceed any amounts that Iridium could claim from Defendants."  (D.I. 1033 at 7-8).

8

In the Court's view, Defendants' argument confuses the Pledge Theory, argued by Chase as a separate theory of recovery on summary judgment, with Chase's rights under the Pledge Agreement. Defendants have never contested the validity of the Pledge Agreement, and thus, have never contested Iridium's pledge of its rights and remedies to Chase. As for Defendants' argument that the Court would have to resolve factual disputes, the Court has already determined that through the LLC Agreement, Defendants waived any defenses with respect to the RCC obligations.[2] (D.I. 895 at 7-8) ("Section 4.02 of the LLC Agreement provides that each Member agrees that its duty to perform under the RCC obligation is 'absolute and unconditional.'") Thus, the Court need not consider any contention regarding whether Iridium may have breached the LLC Agreement. Further, the Pledge Agreement provides that Chase "shall not have any obligation or liability under the Company LLC Agreement by reason of this Agreement, nor shall the Collateral Agent [Chase] be obligated to perform any of the obligations or duties of Iridium LLC thereunder..." (D.I. 1027, Ex. B at Section 3.02.) Therefore, any damages that may have been incurred by any breach by Iridium are not Chase's responsibility.

---

[2] For additional discussion of Defendants' waiver of defenses see infra Section III of the Discussion Section of this Memorandum Opinion.

9


As for Defendants' argument that an award of attorneys' fees may be subject to set-offs the Court further concludes that the plain language of the LLC agreement provides no such set-off rights.  Section 11.03(a)(ii) of the LLC Agreement gives Chase (through the rights given it by Iridium), the right "in its sole and absolute discretion" to collect the RCC obligations of the members through set-off amounts that Iridium might owe the Members, but it doesn't give the Members any set-off rights.  Further, the set-off rights arise under Section 11.03(a)(ii) and there is no indication in the agreement that set-off rights apply to the remedy of attorneys' fees provided in Section 11.03(a)(iv).  Accordingly, the Court will grant Chase's request for attorney's fees.[3]

---

[3] In the Court's Memorandum Opinion dated July 9, 2004, the Court stated that "Chase's request for attorneys' fees pursuant to the Pledge and Security Agreement precludes the entry of partial final judgment because the Court has not entered judgment in Chase's favor pursuant to this agreement." (D.I. 933 at 5.)  In its decision, the Court focused on issue of whether entry of final judgment was appropriate not the issue of Chase's attorneys' fees.  The Court agrees with Chase that its decision to enter summary judgment in favor of Chase on the LLC Agreement did not impact the request for attorneys' fees pursuant to the Pledge Agreement where, as here, the validity of the Pledge Agreement is not in dispute and the plain language of the relevant agreements precludes all defenses and provides Chase with a contractual right to recover attorneys' fees.

## III. Whether There Are Any Defenses Available To Defendants

    A.   <u>The Status Of Defendants' Lack Of Consideration, Commercial Impracticability And Frustration Of Purpose Defenses</u>

In their Initial Submission Regarding Open Issues Relating To Affirmative Defenses (D.I. 1029), Defendants contend that there is an inconsistency between the Court's February 13, 2004 Memorandum Opinion and its March 2, 2004 Memorandum Opinion with regard to Defendants' ability to assert the defenses of lack of consideration, commercial impracticability and frustration of purposes (the "Impracticability Defenses"). Defendants request the Court to clarify its ruling regarding the status of these defenses, and to make an express determination as to whether, as a matter of law, Defendants can waive these defenses by contractual provision.

In its March 2, 2004 decision, the Court sustained Chase's objection to the Magistrate Judge's conclusion in her Report and Recommendation that the LLC Agreement, as amended, is ambiguous about whether the waiver of defense provision is contingent upon Iridium's issuance of Class 1 Membership Interests. In so doing, the Court rejected Defendants' argument that Iridium's issuance of Class 1 Interests was necessary to trigger the waiver of defenses provided for in Section 4.02 of the amended LLC Agreement. Specifically, the Court concluded that:

> Section 4.02 of the LLC Agreement provides that each Member agrees that its duty to perform under the RCC

11

> obligation is 'absolute and unconditional.'  Further, Section 4.02 provides that each 'Member hereby waives in favor of [Chase] any defense it may have or acquire with respect to its obligations under the [RCC].'  <u>Based upon this language, the Court concludes that no reasonable person could conclude that the Defendants' obligation to perform under the RCC was contingent upon Iridium LLC's issuance of Class 1 interests.</u>  Accordingly, the Court concludes that Section 4.02 of the LLC Agreement is not 'reasonably susceptible' to different interpretations on the issue of the Defendants' waiver of their defenses, and therefore, will not adopt the Magistrate Judge's Report and Recommendation on this issue.

307 F. Supp. 2d at 613 (emphasis added).  Although the Court only discussed this issue in terms of Defendants' lack of consideration defense, the Court concludes that it applies to each of the remaining Impracticability Defenses.  The defense of impracticability requires the defendant to establish three elements:  (1) the occurrence of an event, the nonoccurrence of which was a basic assumption of the contract; (2) the continued performance is not commercially practicable; and (3) the party claiming impracticability did not expressly or impliedly agree to performance in spite of impracticability that would otherwise justify nonperformance.  <u>J&G Associates v. Ritz Camera Ctrs., Inc.</u>, 1989 WL 115216, *4 (Del. Ch. Oct. 3, 1989).  The frustration of purpose defense requires the defendant to establish: (1) substantial frustration of the principal purpose of the contract; (2) that the nonoccurrence or occurrence of the frustrating event was a basic assumption upon which the contract was made; and (3) no fault on the part of the defendant.  <u>Kroblin</u>

Refrigerated Xpress, Inc. v. Pitterich, 805 F.2d 96, 102 (3d Cir. 1986). As Chase points out, each of these defenses is premised on Defendants' argument that a basic assumption of the LLC Agreement was that Iridium was to provide Defendants with the Class 1 interests. In concluding that "no reasonable person could conclude that Defendants' obligation to perform under the RCC was contingent upon Iridium's issuance of Class 1 Interests," the Court squarely rejected Defendants' argument.

Defendants contend that this decision was inconsistent with a ruling made by the Court two weeks earlier, on February 13, 2004. In that ruling, the Court addressed Sprint Iridum's motion for summary judgment and concluded that Sprint Iridium was not entitled to summary judgment on its defense of commercial impracticability because it failed to establish two of the three elements required for this defense. While the Court examined the elements of the defense of commercial impracticability in that decision, the Court made no ruling on the issue of whether the defense might be waived, and therefore, the Court finds no inconsistency between its February 13 decision and its later March 2 decision finding the defenses waived.

Further, in its February 13 decision, the Court expressly stated that "at this point, [the Court] is not commenting on the validity of disputed amendments to the LLC Agreement which would permit Chase to directly call on the Members to perform on the

13

RCC." In its March 2 decision, the Court went on to address that issue and concluded that Defendants were estopped from denying the validity of the amendments to the LLC Agreement. These amendments included the waiver of defenses effectuated in Section 4.02 of the amended LLC Agreement.

In sum, the Court expressly rejected Defendants' lack of consideration defense in its March 2 decision and granted summary judgment in favor of Chase. The Court's decision to grant summary judgment in favor of Chase necessarily implied a rejection of the remaining affirmative defenses; however, to the extent a clarification is needed, the Court concludes that its holdings with respect to the lack of consideration defense apply equally to the other Impracticability Defenses asserted by Defendants. Defendants "absolute[ly] and unconditional[ly]" agreed to perform under the RCC obligation and waived all of their defenses. Accordingly, the Court concludes that Defendants are precluded from raising the Impracticability Defenses.[4]

---

[4] Defendants seek a ruling from the Court on the question of whether the Impracticability Defenses can be waived by contract. Specifically, Defendants argue that if the Impracticability Defenses apply, the entire contract is void, including their obligation to perform under the RCC and the waiver of defense provisions. The Court disagrees with Defendants' argument. First, the Court is not persuaded that the Impracticability Defenses apply here. Defendants unconditionally and absolutely guaranteed their obligation to perform under the RCC obligation. This guarantee assumed the risk that the frustrating event, here the bankruptcy of Iridium, might occur. See In re Bicoastal Corp., 600 A.2d 343, 351 (Del. 1991); Williams Natural Gas Co. v. Amoco Production Co., 1991 WL 58387,

14

B.   The Status of The Lack Of Unanimous Consent Defense

Defendants next contend that their lack of unanimous consent defense remains an open issue, because the Court's March 2 decision contains an internal inconsistency regarding this defense which requires clarification.  Specifically, Defendants

---

*13 (Del. Ch. 1991) ("The doctrine of commercial frustration does not apply if at the time of contracting the supervening events were "reasonably foreseeable, and could and should have been anticipated by the parties and provision made therefor within the four corners of the agreement."). Indeed, Defendants were committed to pay their RCC obligation to Chase in the event of Iridium's bankruptcy.  LLC Agreement at §§ 4.02, 9.01(i), (j). "[T]he doctrine of impossibility does not excuse nonperformance where the promisor has indicated an intent to assume the risk." Bicoastal, 600 A.2d at 351 (citing Wiggins v. Warrior River Coal Co., 696 F.2d 1356, 1359 (11th Cir. 1983)).
    Further, the Court is not persuaded that the case law supports Defendants' argument that a contract frustrated by impossibility of performance is void ab initio.  See e.g., Unihealth v. U.S. Healthcare, Inc., 14 F. Supp. 2d 623 (D.N.J. 1998); In re Farrell, 27 B.R. 241, 246 (Bankr. E.D.N.Y. 1982). Rather, it appears to the Court that the parties are discharged from performing their remaining obligations to the extent those obligations have become impracticable.  See e.g., In re Bicoastal, 600 A.2d at 352; Net Realty Holding Trust v. Franconia Props. Inc., 544 F. Supp. 759 (E.D. Va. 1982); Yost v. City of Council Bluffs, 471 N.W.2d 836, 840 (Iowa 1991).  However, "[w]here only part of an obligor's performance is impracticable, his duty to render the remaining part is unaffected if it is still practicable for him to render performance."  Restatement (Second) of Contracts § 270.  Here, the Court can discern of no event that has frustrated or rendered impossible the promise in § 4.02 of the LLC Agreement to waive all defenses.  Accordingly, the Court cannot accept Defendants' argument that the Impracticability Defenses void a contract entirely, and the Court further finds no support for Defendants' argument that the unconditional performance guarantee and waiver provisions cannot operate to preclude the Impracticability Defenses in circumstances such as those presented here.

15

contend that the Court's decision to overrule Chase's objection to the Magistrate's conclusion that the Members' unanimous consent was required to amend cannot be squared with its conclusion that the LLC Agreement was validly amended and the Members are estopped from denying the validity of the Secretary's Certificate which evidenced the amendments. Defendants' argument rests on their contention that consent to amend the LLC Agreement was also required by "each party whose rights and obligations . . . are affected by such amendments," and these affected parties include STET and PEWC.

    As a threshold matter, the Court notes that Chase dismissed its claims against STET and has a default judgment against PEWC, although it appears that Chase and PEWC are still considering the possibility of settling this action. In any event, these defendants are no longer active in the case, and therefore, their ability to pursue this defense against Chase does not appear to be relevant to Defendants. By its March 2 decision, the Court concluded that the "representations in the [Secretary's] Certificate were made 'on behalf of Iridium LLC <u>and</u> its Members." 307 F. Supp. 2d at 612 (emphasis in original). The Court further concluded that "the Members are estopped from denying the validity of the Certificate's representations." Every active Defendant in this case is a Member of Iridium, and therefore, the Court's March 2 decision makes it clear that Defendants are

16

estopped from arguing that they did not consent to the amendments to the LLC Agreement, or that the amended LLC Agreement attached to the Secretary's Certificate is anything other than "true and correct."

In sum, the Court concludes that its previous decision precluded Defendants from challenging the validity of the amended LLC Agreement on the grounds of lack of unanimous consent, or otherwise. Accordingly, the Court concludes that lack of unanimous consent is not an open issue in this case requiring further resolution.

## CONCLUSION

For the reasons discussed, the Court concludes that Chase is entitled to attorneys' fees, that Defendants do not have any available defenses to pursue, and that final judgment is appropriately entered against Defendants and in favor of Chase consistent with the Court's March 2 decision granting Chase's Motion For Summary Judgment.

An appropriate Order will be entered.